In re Disqualification of Badger: Ashton et al. *v.* AMG Industries et al.

[Cite as In re Disqualification of Badger (1989), 47 Ohio St. 3d 604.]

(No. 88-AP-114—Submitted and decided February 10, 1989.)

Moyer, C.J. The affidavit of disqualification herein was filed by Michael L. Silverstein, counsel for the plaintiffs, seeking the disqualification of Judge Thomas D. Badger on the ground that Judge Badger is and has been represented in unrelated matters by counsel for one of the defendants in the instant case.

There is nothing to suggest that Judge Badger is biased or prejudiced in favor of or against any party or counsel. The unrelated case pertains to the judge's official position, and Judge Badger had no involvement in the selection of the attorney who represents him.

However, Informal Opinion No. 1477 (1981) of the American Bar Association Committee on Ethics and Professional Responsibility concludes that "* * * when a private lawyer is currently representing a judge, even in a matter involving the judge's official position or conduct, the judge should not sit in a case in which a litigant is represented by the lawyer * * *." ABA/BNA Lawyer's Manual on Professional Conduct (1986) 801:329.

This opinion will be followed in the instant case and Judge Badger should participate no further in these proceedings. I will assign a visiting judge to preside in this matter.